# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANNY ANDREWS,** | : | **CIVIL ACTION** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **NO. 07-502** |
| | : | |
| **JAMES L. GRACE, et al.,** | : | |
| **Respondents** | : | |

## REPORT AND RECOMMENDATION

TIMOTHY R. RICE                                                                October 5, 2007
U.S. MAGISTRATE JUDGE

     Petitioner Danny Andrews, a prisoner at the State Correctional Institution in Huntingdon,

Pennsylvania, has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254.  For the following reasons, I respectfully recommend his first claim be denied with

prejudice as procedurally defaulted, his second and third claims be denied with prejudice as non-

cognizable, and his fourth and fifth claims be denied with prejudice as without merit.

## FACTUAL AND PROCEDURAL HISTORY

     On October 11, 1991, after a jury trial in the Court of Common Pleas for Philadelphia

County, Andrews was convicted of five counts of robbery, two counts of conspiracy, and two

counts of possessing an instrument of crime.[1]   The trial court denied Andrews' post-verdict

motions and sentenced Andrews to five consecutive terms of ten to twenty years imprisonment

for the robberies, two consecutive terms of five to ten years imprisonment for conspiracy, and

two consecutive terms of two and one half to five years imprisonment for possessing an

---

    [1] The convictions stem from charges involving robberies of three apartment complexes–Garden Court Apartments, Brynfield Court Apartments, and Korman Suites Apartments. Commonwealth v. Andrews, 768 A.2d 309, 310 (Pa. 2001).  The jury convicted the defendant of the charges that stem from the Garden Court and Korman Suites robberies but acquitted him of the charges resulting from the Brynfield Court robbery. Id. at 311.

instrument of crime.  Commonwealth v. Andrews, CP-51-CR-0135221-1991 (Phila. Ct. Com. Pl. Sept. 17, 1992). Andrews received an aggregated sentence of 65 to 130 years imprisonment.

On appeal, the Pennsylvania Superior Court found the sentencing judge improperly deviated from the guidelines, vacated Andrews' judgment of sentence, and remanded for re-sentencing.  Commonwealth v. Andrews, No. 03258 (Pa. Super. Ct. Nov. 23, 1993).  Andrews appealed the Superior Court's determination of other issues and the Pennsylvania Supreme Court denied Andrews' petition for allowance of appeal.  Commonwealth v. Andrews, 647 A.2d 895 (Pa. 1994).  The United States Supreme Court denied petitioner's subsequent petition for a writ of certiorari.  Andrews v. Pennsylvania, 513 U.S. 1021 (1994).

On remand, the trial court imposed the same sentence and denied Andrews' motion for reconsideration.  Commonwealth v. Andrews, 720 A.2d 764, 766 (Pa. Super. Ct. 1998).  The Superior Court affirmed.  Id.  Andrews' request for an en banc re-argument was denied, id. at 764, and on March 26, 2001, the Pennsylvania Supreme Court affirmed.[2]  Commonwealth v. Andrews, 768 A.2d 309, 318 (Pa. 2001).

On March 5, 2002, Andrews filed a pro se petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq, which he amended on May 13, 2002.  On March 4, 2004, appointed counsel filed a second amended petition.  The Commonwealth filed a motion to dismiss, which was granted on September 28, 2004.  See Commonwealth v. Andrews, No. 3837, slip op. at 4 (Pa Commw. Ct. Jun. 28, 2005).  The

---

[2]  The Pennsylvania Supreme Court limited the appeal to the propriety of imposing separate sentences for the two conspiracy counts and the two possessing an instrument of crime counts.  Andrews, 768 A.2d at 310.

2

Superior Court affirmed.[3] <u>Commonwealth v. Andrews</u>, No. 3008 EDA 2004, slip op. at 17 (Pa. Super. Ct. Dec. 28, 2006).  On May 24, 2007, the Pennsylvania Supreme Court denied Andrews' petition for allowance of appeal.  <u>Commonwealth v. Andrews</u>, No 36 EDA Docket 2007 (Pa. 2007).

On February 6, 2007, Andrews filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging: (1) trial counsel was ineffective for failing to seek the trial judge's recusal; (2) PCRA counsel was ineffective for failing to allege trial counsel's ineffectiveness for failing to present alibi witnesses; (3) PCRA counsel was ineffective for failing to allege trial counsel's ineffectiveness for failing to object to the sufficiency of the evidence; (4) trial counsel was ineffective for failing to present alibi witnesses; and (5) trial counsel was ineffective for failing to object to the sufficiency of the evidence for the Korman Suites robbery.[4]

## **DISCUSSION**

I.    <u>Procedural Default</u>

Andrews' first claim alleges trial counsel was ineffective for failing to seek the trial judge's recusal after the judge said he knew Commonwealth witness Cooper.  Petition at 9, <u>Andrews v. Grace</u>, No. 07-502 (E.D. Pa. 2007).  This claim is procedurally defaulted because the claim has not been properly presented to state courts and state procedural rules now bar Andrews from seeking state review.  <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2386-87 (2006).

---

[3]  After the original appeal, new counsel was appointed.  <u>See Andrews</u>, No. 3008 EDA 2004, slip op. at 5.

[4]  Andrews' federal petition claims trial counsel should have objected to alibi witnesses. Petition, <u>Andrews v. Grace</u>, No. 07-502 (E.D. Pa. 2007).  Liberally construing Andrews' petition, he appears to allege his trial counsel failed to present the alibi witnesses and failed to object to the sufficiency of the evidence, and I will address the claims as such.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his available remedies in state court.  28 U.S.C. § 2254(b); O'Sullivan v. Boerkel, 526 U.S. 838, 839 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971); Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004).  A state prisoner must complete "the State's established appellate review process" to "give the state courts one full opportunity to resolve any constitutional issues."  O'Sullivan, 526 U.S. at 845; Nara 488 F.3d at 197; see also Woodford, 126 S.Ct. at 2386-87.

A claim "fairly presented" to the state courts is exhausted.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan, 526 U.S. at 848; Nara, 488 F.3d at 197; Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996).  A petitioner fairly presents his claim when he presents the same factual and legal basis for the claim to the state courts.  Nara, 488 F.3d at 197-98; see Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam).  Even if the state courts refuse to consider the claim on procedural grounds, the claim is exhausted if the state courts had the opportunity to address it.  Nara, 488 F.3d at 198; Bond v. Fulcomer, 864 F.2d 306, 309 (3d Cir. 1989).

A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the [s]tate to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  "[I]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is procedural default for the purpose of federal habeas . . . ."  Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).  This procedural default doctrine prohibits federal courts from reviewing a petitioner's claim defaulted in state courts on an independent and

adequate state law ground, i.e. "a rule of state law that is independent of the federal question and adequate to support the judgment." Coleman, 501 U.S. at 729; see Leyva v. Williams, No. 05-2371, slip op. at 12 (3d Cir. Oct. 3, 2007); Nara, 488 F.3d at 199; Griggs v. DiGuglielmo, 2007 WL 2007971, at *5 (E.D. Pa. Jul. 3, 2007) (Yohn, J.). The purpose of the procedural default rule is to prevent habeas petitioners from avoiding the exhaustion doctrine by defaulting their federal claims in state court. Coleman, 501 U.S. at 732. Although the issue of procedural default is best addressed by the state courts, a federal court may dismiss a petition as procedurally barred if state law would unambiguously deem it defaulted. Carter v. Vaughn, 62 F.3d 591, 595 (3d Cir. 1995).

Andrews did not properly present to the state court the claim of ineffective assistance of counsel for failing to seek the trial judge's recusal and the claim is now waived due to independent and adequate state procedural rules. Although Andrews raised the ineffective assistance of counsel issue in his pro se amended PCRA petition, (Amended Petition for Post Conviction Collateral Relief at 6, Andrews, No. 1290-3839), it was not raised in his counseled PCRA petition, Andrews, No. 3837, slip op. at 4, and the PCRA court reviewed only the claims raised in Andrews' counseled petition, see id. Andrews did not raise this issue in the Superior Court. Andrews, No. 3008 EDA 2004, slip op. at 5. More than one year has passed since Andrews' conviction became final on June 15, 2001, when the 90-day period to file a petition for a writ of certiorari expired. See Sup. Ct. Rule 13.

When a petitioner files a pro se petition but subsequently obtains counsel and files an amended petition, the court will review only the counseled petition. Commonwealth v. Pursell, 724 A.2d 293, 302 (Pa. 1999); see Griggs v. DiGuglielmo, 2007 WL 2007971, at *2 n.2 (E.D. Pa. Jul. 3, 2007) (Yohn, J.) (claim not fairly presented to state court where raised in a pro se, but not counseled, PCRA petition). An issue is waived if a petitioner fails to raise it and it could

have been raised before trial, at trial, on appeal, in a habeas corpus proceeding, or in a prior proceeding.  42 Pa. Cons. Stat. § 9544(b); see also O'Sullivan, 256 U.S. at 848-49 (failure to raise issue in discretionary appeal to state supreme court constituted a procedural default for habeas purposes); Sistrunk v. Vaughn, 96 F.3d at 671 n.4 ("the rules [of Pennsylvania's appellate procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court"); Commonwealth v. D'Collanfield, 805 A.2d 1244, 1245 (Pa. Super. 2002) (issue not preserved on appeal waived).  Moreover, the PCRA provides collateral actions must be filed within one year of the date on which the conviction became final.  42 Pa. Cons. Stat. § 9545 (b)(1) (petition, even second or subsequent, must be filed within one year of the time conviction becomes final).  Such state law waiver and PCRA statute of limitation rules are independent and adequate state grounds that bar federal habeas review.  Peterson v. Brennan, 196 Fed. Appx. 135, 142 (3d Cir. Sept. 26, 2006); Griggs, 2007 WL 2007971, at *5.  They are rules of general applicability which are "firmly established, readily ascertainable, and regularly followed."  See Leyva, No. 05-2371, slip op. at 6 (quoting Szuchon v. Lehman, 273 F.3d 299, 327 (3d Cir. 2001)).

Andrews' counseled PCRA petition did not raise the recusal ineffectiveness claim, he did not raise the claim on appeal to the Superior Court, and he is now barred from filing a second PCRA petition.  Accordingly, the claim is procedurally defaulted because it was not properly presented to the state courts and independent and adequate state law grounds preclude state court review.

Andrews may obtain federal habeas review of claims defaulted pursuant to independent and adequate state procedural rules only if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider

the claim would result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750;

Smith v. Murray, 477 U.S. 527, 533 (1986); see also Murray v. Carrier, 477 U.S. 478, 485

(1986); Leyva, No. 05-2371, slip op. at 7 n.6, 13; Griggs, 2007 WL 2007971, at *5. This

requirement is grounded in the need for finality and comity, i.e., ensuring that state courts have

an adequate opportunity to review a case on the merits. Smith, 477 U.S. at 533.

    To constitute cause to excuse default, Andrews must show "that some objective factor

external to the defense impeded counsel's efforts to comply with the State's procedural rule."

Coleman, 501 U.S. at 753; Murray, 477 U.S. at 488; Sistrunk, 96 F.3d at 675. To establish

prejudice, Andrews must show "actual prejudice resulting from the errors of which he

complains." McClesky v. Zant, 499 U.S. 467, 494 (1991). If the defaulted claim has no merit,

petitioner cannot establish prejudice from the court's failure to consider the claim.

    To establish the requisite fundamental miscarriage of justice, Andrews must demonstrate

"actual innocence," Schlup v. Delo, 513 U.S. 298, 324 (1995); Leyva, No.05-2371, slip op. at 13,

i.e., "new reliable evidence," such as "exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence," id.; Hubbard v. Pinchak, 378 F.3d 333, 339 (3d Cir.

2004) (addressing claim of actual innocence but rejecting it on the merits), that would make it

more likely than not that "no juror, acting reasonably, would have voted to find [petitioner] guilty

beyond a reasonable doubt." See Schlup, 513 U.S. at 329; House v. Bell, 126 S.Ct. 1064, 2076-

77 (2006).

    First, Andrews does not identify, and I cannot find, evidence to establish cause for the

procedural default.[5] Second, Andrews cannot establish prejudice because he has not shown that

_____

    [5]   Even construing Andrews' claim liberally, I conclude that appellate and PCRA
counsel ineffectiveness cannot establish cause for his failure to raise the recusal ineffectiveness
                                                                    (continued...)

the alleged errors "worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). The trial judge merely stated he recognized witness Cooper from Cooper's work at 1500 Locust Street. (Sept. 25, 1991 Transcript at 115-16, CP-51-CR-0135221-1991 (Phila. Ct. Com. Pl.).) However, the trial judge stated, and counsel for both Andrews and Andrews' co-defendant agreed, the trial judge could be fair. Id. No prejudice resulted from trial counsel's failure to pursue a motion for the trial judge's recusal.

Third, Andrews cannot establish a miscarriage of justice to excuse his procedural default. Miscarriage of justice is available only where a petitioner demonstrates his actual innocence supported by new evidence, and no reasonable juror would have voted to convict the petitioner after hearing such evidence. Schlup, 513 U.S. at 329. Andrews presents no new evidence to support his actual innocence.

## II.   Non-cognizable

Andrews second and third claims allege counsel was ineffective because PCRA counsel did not specify the addresses of the alibi witnesses, and PCRA counsel and appellate counsel did

---

[5] (...continued)
issue in state court. Ineffective assistance of counsel on direct appeal is an independent constitutional claim and will not establish cause for procedural default of another claim unless the ineffective assistance of counsel claim was first raised in state court. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). No constitutional right exists to counsel in state collateral proceedings, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Tillett v. Freeman, 868 F.2d 106, 108 (3d Cir. 1989), therefore, a petitioner cannot claim constitutional ineffective assistance of post-conviction counsel to excuse default. Coleman, 501 U.S. at 757.

Because Andrews did not raise the issue of whether appellate counsel was ineffective in state court, ineffective assistance of appellate counsel cannot be cause for failure to comply with state procedural rules. See Edwards, 592 U.S. at 452; Line v. Larkins, 208 F.3d 153, 167 (3d Cir. 2000). Moreover, because Andrews did not have a constitutional right to counsel in state collateral proceedings, a claim of ineffective assistance of counsel in state collateral proceedings cannot constitute cause for the procedural default. Coleman, 501 U.S. at 755; Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992).

not file a supplemental statement of matter complained of on appeal.  Petition at 9, <u>Andrews</u>, No. 7-502.

Prisoners do not have a constitutional right to counsel on collateral review.  <u>Finley</u>, 481 U.S. 551, 555 (1987); <u>Tillett</u>, 868 F.2d 106, 108 (3d Cir. 1989).  Therefore, an allegation of PCRA counsel ineffectiveness is not a cognizable claim on federal habeas review.[6]  28 U.S.C. § 2254(i); <u>accord</u> <u>Coleman</u>, 501 U.S. at 756-57.

III.     Ineffective Assistance of Trial Counsel

Andrews fourth and fifth claims allege trial counsel was ineffective for failing to present alibi witnesses and failing to object to the sufficiency of the evidence supporting the charges stemming from the Korman Suites robbery.  Andrews raised these grounds in his PCRA appeal. <u>Andrews</u>, No. 3008 EDA 2004, slip op. at 5.  The Superior Court addressed the claim of ineffective assistance of counsel for failing to present alibi witnesses, and recognized, but did not directly address, Andrews' claim of trial counsel ineffectiveness for failing to object to the sufficiency of the evidence for the Korman Suites robbery.  <u>Andrews</u>, No. 3008 EDA. 2004, slip op. at 5, 12, 15.  Therefore, the claims are exhausted.  <u>See</u> <u>O'Sullivan</u>, 526 U.S. at 844 (claim exhausted if petitioner gives state court a "fair opportunity to act on the claims").

A.     Standard

State court decisions merit substantial deference.  <u>See</u> 28 U.S.C. § 2254(d)(1).  To grant a writ of habeas corpus, I must find the state court's adjudication of Andrews' claims "resulted in a

_____

    [6]  Pennsylvania provides a right to effective assistance of post-conviction counsel. <u>Commonwealth v. Albrecht</u>, 554 Pa. 31, 44 (1998).  The state rule, however, does not implicate the federal constitution, <u>see</u> <u>Abu-Jamal v. Horn</u>, 2001 WL 1609761, at *7 n.15 (E.D. Pa. Dec. 18, 2001) (Yohn, J.), and a claim that arises under state law does not provide a basis for federal habeas review or relief.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Johnson v. Rosemeyer</u>, 117 F.3d 104, 109 (3d Cir. 1997).

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. I must presume that the state court's findings of fact are correct and petitioner must rebut that presumption of correctness by clear and convincing evidence. § 2254(e)(1).

A state court ruling is "contrary to" clearly established Supreme Court precedent for the purposes of § 2254(d)(1) "if the state court applies a rule that contradicts the governing law" set forth in Supreme Court cases, or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision and nevertheless arrives at a result different from its precedent. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision constitutes an "unreasonable application" of Supreme Court precedent if it identifies the correct governing legal rule from Supreme Court cases, but "unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. When making the "unreasonable application" inquiry, I must determine "whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409; see also Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3d Cir. 1999) (en banc) (determining whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under Supreme Court precedent). A showing of clear error is not sufficient. Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003); see also Douglas v. Cathal, 456 F.3d 403, 417 (3d Cir. 2006) (grant of writ inappropriate where state determination was not objectively unreasonable, even where reasonable jurists may disagree about the correct disposition of the underlying claim). I may not grant habeas relief merely because the state court applied federal law erroneously or incorrectly. Thomas v. Varner, 428 F.3d 491, 497 (3d Cir. 2005).

Clearly established federal law governing ineffectiveness claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984).  See Bell v. Cone 535 U.S. 685, 698 (2002); United States v. Otero, 2007 WL 2610412, at *2 (3d Cir. Sept. 12, 2007).  In Strickland, the Supreme Court established a two-pronged test for ineffectiveness claims.  Strickland, 466 U.S. at 687.  First, the defendant must show counsel's performance was deficient, which requires showing counsel made errors so serious he was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Id.  Second, the defendant must show the deficient performance prejudiced the defense, which requires showing the errors were so serious as to deprive the defendant of a fair trial.  Id.; see generally Outten v. Kearney, 464 F.3d 401, 413-14 (3d Cir. 2006); Thomas, 428 F.3d at 499.  "Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable."  Strickland, 466 U.S. at 687.

Counsel's effectiveness is measured objectively considering all the circumstances.  Id. at 687-88; Otero, 2007 WL 2310412, at *2.  In evaluating counsel's performance, I must be "highly deferential" and "indulge a strong presumption" that counsel's challenged actions might be considered sound strategy under the circumstances.  Strickland, 466 U.S. at 689.  "Strickland and its progeny make clear that counsel's strategic choices will not be second guessed by post hoc determinations that a different trial strategy would have fared better."  Rolan v. Vaughn, 445 F.3d 671, 681-82 (3rd Cir. 2006) (citing Strickland, 466 U.S. at 689).  The relevant inquiry is not whether Andrews' counsel was prudent, appropriate, or perfect.  Marshall v. Hendricks, 307 F.3d 36, 91 (3d Cir. 2002).  Rather, the focus is simply to ensure Andrews received a fair trial.  See id.

To establish prejudice the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A

11

reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Thus, review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of federal habeas." Yarborough v. Gentry, 540 U.S. 1, 6 (2003). Andrews must show the state court's decision was objectively unreasonable. Woodford v. Visciotti, 537 U.S. 19, 25 (2002). It is not enough to convince a federal habeas court that, in its independent judgment, the state court erred in applying Strickland. Bell, 535 U.S. at 698-99. Andrews, therefore, must do more than show he would have satisfied Strickland if his claims were being analyzed here in the first instance.

B.       Counsel's alleged failure to present alibi witnesses at trial

Andrews' fourth claim alleges trial counsel was ineffective for failing to present alibi witnesses at trial.[7]  (See Petition for Allowance of Appeal from Order of the Superior Court at 3, 36 EAL 2007 (Pa. Jan. 28, 2007); Petition at 10, Andrews, No. 07-502.)  Andrews raised this claim in his PCRA appeal to the Superior Court, which addressed the issue.[8]  Commonwealth v. Andrews, No. 3008 E.D.A. 2004, slip op. at 5, 12-15.  The Superior Court's resolution of

---

[7]  Andrews contends Claudia Holt and Barbara Clark would have testified Andrews was at Holt's home during the Garden Court robbery.  In addition, he claims Louise Andrews would have testified Andrews was speaking to her on the telephone at the time evidence showed he called the Garden Court Apartments.  (Petition for Allowance of Appeal at 11, Commonwealth v. Andrews, No. 3008 E.D.A. 2004 (Pa. 2007).)

[8]  Although raised in his counseled appeal to the Superior Court, Andrews, No. 3008 EDA 2004, slip op. at 5, Andrews' counseled amended petition for PCRA relief did not raise, and the PCRA court did not address, the issue.  Andrews, No. 3837, slip op. at 4.  In the Superior Court, the Commonwealth argued that Andrews waived the claim of trial counsel ineffectiveness for failure to present alibi witnesses because only Andrews' pro se petition for PCRA relief, not the counseled amended petition, raised the claim.  Andrews, No. 3008 EDA 2004, slip op. at 14. The Superior Court reasoned that it need not address whether the claim was waived because Andrews did not demonstrate an alibi.  Id.  Because the Superior Court addressed the merits of the claim, I can review Andrews' claim.  28 U.S.C. 2254 (c)-(d).

Andrews' claim of ineffective assistance of counsel for failing to present alibi witnesses was neither contrary to, nor an unreasonable application of, Strickland.  See id. at slip op. at 12-16. Therefore, this claim does not provide a basis for federal habeas relief.

Pennsylvania applies the same test for ineffective assistance of counsel as the Strickland test used in federal courts.  Werts v. Vauhgn, 228 F.3d 178, 203 (3d Cir. 2000); Commonwealth v. Sneed, 899 A.2d 1067, 1075-76 (Pa. 2006).  In Pennsylvania, the standard to determine whether counsel was constitutionally ineffective requires the petitioner to "rebut the presumption of professional competence" by demonstrating: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interest; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different."  Sneed, 899 A.2d at 1076.  If the petitioner fails to satisfy any of the test's prongs the claim will be rejected.  Id. Accordingly, if the Appellant fails to demonstrate counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed and the court need not determine whether the first and second prongs are satisfied.  Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998).

Because the decision whether to call an alibi witness usually involves trial strategy, counsel's failure to present an alibi witness is not ineffective assistance of counsel per se. Commonwealth v. Brown, 767 A.2d 576, 581 (Pa. Super. 2001) (citing Commonwealth v. Auker, 681 A.2d 1305, 1319 (Pa. 1996)).  To prevail on his alibi ineffectiveness claim, Andrews was required to prove: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the witness's existence or counsel should otherwise have known of the witness; (4) the witness was prepared to cooperate and testify for the defendant at trial; and (5) the absence of

the testimony prejudiced defendant so as to deny him a fair trial.  Commonwealth v. Lopez, 739

A.2d 485, 496 (Pa. 1999); accord Commonwealth v. Petras, 534 A.2d 483, 485 (Pa. Super. Ct.

1987).

>       The Superior Court concluded:

> Appellant contends that Barbara Clark (address unknown) and Claudia Holt
> (address unknown) would have testified that [Andrews] was at Holt's home
> during the Garden Court robbery and that Louise Andrews (address not given)
> was on the telephone with him at the time he was alleged to be calling the Garden
> Court Apartments.  However, [Andrews] has failed to explain where Holt's home
> was in relation to the location of the Garden Court Apartments.  Thus, he has
> failed to demonstrate that his alleged presence at the unidentified address around
> the time of the robbery would have made it impossible for him to have committed
> the crime in question.  With regard to the telephone call, we cannot see how the
> fact that [Andrews] purportedly spoke with Andrews via telephone from an
> undisclosed location could have precluded him from participating in a robbery or
> from making a telephone call to the Garden Court Apartments either shortly
> before or shortly after talking with Andrews.  We find no arguable merit to the
> contention that trial counsel was ineffective for failing to call Clark, Holt, or
> Andrews as alibi witnesses.

Commonwealth v. Andrews, No. 3008 EDA 2004, slip op. at 14-15 (citations omitted).

>       This determination was not contrary to, nor an unreasonable application of, Strickland.

See Williams, 529 U.S. at 405.  Andrews did not provide addresses for the witnesses, a location

of the alleged address where the witnesses would testify he was located, or the location where the

telephone call to Ms. Andrews was purportedly made.  The state court did not unreasonably

conclude that failing to present alibi witnesses, under these circumstances, was not ineffective

assistance of counsel.[9]  See Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991) (vague

---

       [9]  Andrews did not develop the factual basis of this claim in state court, and the state court
found Andrews made an insufficient offer of proof to merit a state evidentiary hearing.  Because
Andrews did not develop the factual record in state court, he is now precluded from receiving a
federal evidentiary hearing.  See 28 U.S.C. § 2254(e)(2) (federal court cannot hold an evidentiary
hearing unless the applicant shows the claim relies on a new rule of constitutional law or a
factual predicate that could not have been previously discovered, or the applicant shows the

                                                        (continued...)

and conclusory allegations of unspecified and speculative testimony which might establish a

defense did not establish representation fell below an objective reasonableness standard).

C.    Counsel's alleged failure to challenge the sufficiency of the evidence to support Andrews' convictions relating to the Korman Suites robbery

Andrews' fifth claim alleges his trial counsel was ineffective for failing to challenge the

sufficiency of the evidence to support his convictions relating to the Korman Suites robbery.

(See Petition for Allowance of Appeal from Order of the Superior Court at 3, 36 EAL 2007;

Petition at 10, Andrews, No. 07-502.)  My review of Andrews' sufficiency of the evidence claim

is limited to an examination of the deficiency identified by Andrews in state court, i.e., whether

the evidence was sufficient to identify the defendant as one of the perpetrators, (Petition for

Allowance of Appeal from Order of the Superior Court at 12-13, Andrews, 36 EAL 2007).  See

Nara, 488 F.3d at 197-98 (claim exhausted only if petitioner fairly presents the same factual and

legal basis for the claim to the state courts).

Although the Superior Court did not specifically apply Strickland to determine whether

trial counsel was ineffective for failing to object to the sufficiency of the evidence,[10] it did find

the underlying sufficiency claim meritless under state law.  Commonwealth v. Andrews, No.

3008 EDA 2004, slip op. at 17.  I am bound by the Superior Court's determination of the state

---

[9]  (...continued)
"facts underlying the claim would be sufficient to establish . . . that but for the constitutional error, no reasonable factfinder would have found the applicant guilty."); Williams, 529 U.S. at 437 (petitioner who fails to exercise diligence in developing the factual record is not entitled to evidentiary hearing under § 2254(e)(2)).

[10]  The Superior Court discussed the ineffective assistance of counsel standard, Commonwealth v. Andrews, 3008 EDA 2004, slip op. at 7-8, and recognized the issue raised is whether prior counsel was ineffective for failing to challenge the sufficiency of the evidence, id. at slip op. 15, but it did not apply the ineffectiveness standard in resolving the sufficiency claim. Id. at 16-17.

law sufficiency claim, and for the following reasons conclude counsel cannot be faulted for failing to pursue a meritless claim.

The Superior Court reviewed the evidence presented and concluded Andrews' contention, which alleged the evidence was insufficient because the Commonwealth failed to elicit identification evidence that linked him to the Korman Suites robbery, was meritless.  Andrews, 3008 EDA 2004, slip op. at 16-17.  Thus, viewing the evidence in the light most favorable to the Commonwealth, it concluded "there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt."[11]  Andrews, No. 3008 EDA 2004, slip op. at 15 (quoting Commonwealth v. McClendon, 874 A.2d 1223, 1228 (Pa. Super. Ct. 2005)).  The Superior Court considered, along with other evidence, Theresa Flanagan's, property manager at Korman Suites, testimony at trial that Andrews was one of the robbers.[12]  (Oct. 3, 1991 Transcript at 105, CP-51-CR-0135221-1991.)

Absent extraordinary and compelling circumstances, a federal habeas court is bound by a state court's determination of state law rendered in earlier proceedings.  Johnson v. Rosemeyer, 117 F.3d 104, 115 (3d Cir. 1997).  Andrews does not allege, and I cannot find, any extraordinary or compelling circumstances to justify a departure from the Superior Court's ruling that the sufficiency of the evidence claim was meritless.  Therefore, I am bound by the Superior Court's

---

[11]  The federal standard applied to sufficiency of the evidence claims, Jackson v. Virginia, 443 U.S. 307, 319 (1979), is the substantial equivalent of the Pennsylvania standard.  See Evans v. Ct. Com. Pl. Del. Co., 959 F.2d 1227, 1232 (3d Cir. 1993).

[12]  The Superior Court also noted that during pre-trial defense motions, Ms. Flanagan identified Andrews as one of the robbers, stated she had an opportunity to observe Andrews at a close proximity in good lighting for fifteen minutes, and stated she identified Andrews at a preliminary hearing.  Andrews, No. 3008 EDA 2004, slip. op. at 16.

determination that the evidence was sufficient to justify the convictions that stemmed from the Korman Suites robberies.[13]

Nevertheless, Andrews has alleged ineffectiveness of counsel for failing to raise a sufficiency claim, an issue the state court did not address.  Contrary to the Commonwealth's claim, I cannot apply the deferential AEDPA standard because the state court addressed the sufficiency issue, but failed to address the ineffectiveness claim.  See Andrews, 3008 EDA 2004, slip op. at 15-17.

Applying Strickland de novo, I find counsel was not ineffective for failing to object to the sufficiency of the evidence.  Counsel's performance is not deficient unless Andrews shows counsel made errors so serious he was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Strickland, 446 U.S. at 687.  Counsel, however, cannot be ineffective for failing to raise a meritless claim.  United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).  Therefore, because Andrews' claim that the evidence was insufficient to support a conviction for the Korman Suites robbery was meritless, neither trial nor appellate counsel can be ineffective for failing to raise the claim.[14]  See Buehl v. Vaughn, 166 F.3d 163, 174 (appellate counsel not

---

[13]  A de novo review of the sufficiency of the evidence claim under federal law yields the same result.  At trial, along with the eyewitness testimony, Ms. Flanagan testified she identified Andrews as one of the robbers at a pre-trial line-up, (Oct. 3, 1991 Transcript at 119, CP-51-CR-0135221-1991), Philadelphia Police Officer Pellizzeri testified he saw Andrews make an illegal turn while exiting the street on which Korman Suites is located and Andrews led the police on a high-speed chase when Officer Pellizzeri attempted to stop him, (Oct. 7, 1991 Transcript at 132-42, CP-51-CR-0135221-1991 ), and testimony was presented to establish that Andrews' fingerprint was located at the crime scene on a Korman Suites business card, (Oct. 8, 1991 Transcript at 82, CP-51-CR-0135221-1991; Oct. 9, 1991 Transcript of Trial at 31, CP-51-CR-0135221-1991).  Based on this evidence, the Commonwealth presented sufficient evidence from which a rational trier of fact could have found, beyond a reasonable doubt, Andrews was one of the Korman Suites robbers.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

[14]  Pursuant to applicable Pennsylvania law at the time Andrews filed his PCRA petition
(continued...)

ineffective for failing to raise meritless claim of trial counsel ineffectiveness); <u>United States v.</u> <u>Berberena</u>, 2007 WL 1856877, at *1 (E.D. Pa. Jun. 26, 2007) (Schiller, J.) (counsel cannot be ineffective for failing to raise a meritless claim).

      Similarly, Andrews cannot establish prejudice, i.e., "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.  Because the sufficiency claim lacked merit, the result of the proceeding would not have been altered if trial counsel had objected.  <u>See</u> <u>Werts</u>, 228 F.3d at 202 (counsel cannot be ineffective for failing to raise a meritless claim); <u>Ludwig v. Wilson</u>, 2004 WL 1622048, at *3 (E.D. Pa. Jul. 20, 2004) (Kauffman, J.) (the second prong of <u>Strickland</u> is not met where the claim not pursued was meritless). Therefore, Andrews is unable to prove the prejudice prong of <u>Strickland</u>.

      Accordingly, I make the following recommendation.

---

[14]  (...continued)
on March 5, 2002, ineffectiveness claims for PCRA purposes had to be layered, i.e., if trial counsel ineffectiveness was not raised on direct appeal the Pennsylvania courts would consider the issue only if new counsel also pled and proved appellate counsel's ineffectiveness for failing to raise the ineffectiveness claim.  <u>See</u> <u>Commonwealth v. Grant</u>, 813 A.2d 726, 733 (Pa. 2002) (discussing layer ineffectiveness claims for PCRA purposes).

## <u>RECOMMENDATION</u>

AND NOW, this 5th day of October, 2007, it is respectfully recommended the petition for a writ of habeas corpus be DENIED with prejudice.  It is further recommended that there is no probable cause to issue a certificate of appealability.[15]  The petitioner may file objections to this Report and Recommendation within ten days after being served with a copy thereof.  <u>See</u> Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.  <u>See</u> <u>Leyva</u>, No. 05-2371, slip op. at 10.

BY THE COURT:

/s/ Timothy R. Rice
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

[15]  Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims.  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Therefore, no certificate of appealability should be granted.  <u>See</u> <u>id.</u>